UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ANGELA DALZELL,

                       Plaintiffs,

        -against-

CITY OF NEW YORK; Dina Soliman, Rumel Rahat, Zeilabadine Trung, Sebastian Danese, Dexter Bollers, Eric Dileonardo, Police Officer John and Jane Doe 1 through 20, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                       Defendants.
------------------------------------------------------------x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.	Plaintiff demands a trial by jury in this action.

## PARTIES

6.	Plaintiff ANGELA DALZELL is a resident of Kings County in the City and State of New York.

7.	Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.	Defendant Police Officer DINA SOLIMAN, Shield No. 20634 ("Soliman"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Soliman is sued in her individual and official capacities.

9.	Defendant Police Officer RUME RAHAT, Shield No. 11766 ("Rahat"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Soliman is sued in his individual and official capacities.

10.	Defendant Police Officer ZEILABADINE TRUNG, Shield No. 20194 ("Trung"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Soliman is sued in his individual and official capacities.

11.	Defendant Police Officer SEBASTIAN DANESE ("Danese"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Danese is sued in his individual and official capacities.

12. Defendant Dexter Boller ("Bollers"), believed to be a Police Officer, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Bollers is sued in his individual and official capacities

13. Defendant Sergeant Eric DILEONARDO ("Dileonardo"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Dileonardo is sued in his individual and official capacities.

14. At all times relevant defendants John and Jane Doe 1 through 20 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 20.

15. At all times relevant herein, defendants John and Jane Doe 1 through 20 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 20 are sued in their individual and official capacities.

16. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

17. On October 30, 2017, at approximately 9:15 a.m., plaintiff DALZELL was inside her home located at 3914 Avenue I, City and State of New York, when she observed her neighbor's son, Orville Arthurs, and another engaged in what appeared to be an argument.

18. As Mr. Arthurs ran inside her home, a group of police followed him

and forced their way into the plaintiff's residence.

19. Once inside plaintiff's home, the defendants attacked plaintiff DALZELL slamming her against a wall.

20. Defendants then placed plaintiff under arrest without probable cause before transporting her to a police precinct.

21. At the precinct, the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff commit various crimes.

22. At no point did the officers observe plaintiff commit any crimes or offenses.

23. From the precinct, plaintiff was taken to Brooklyn Central Booking.

24. Plaintiff was forced to make a number of court appearances before to her case was finally dismissed.

25. Upon her release, plaintiff went to SUNY Downstate Medical Center where she was diagnosed with a fractured rib among other injuries.

26. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
## 42 U.S.C. § 1983

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

29. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

32. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of her constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

35. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of her constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

36. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### Unreasonable Force

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. The individual defendants created false evidence against Plaintiff.

42. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

43. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

44. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Malicious Abuse Of Process

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. The individual defendants issued legal process to place Plaintiff under arrest.

47. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of them.

48. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

49. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure To Intervene

50. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

52. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth and Fourteenth Amendments.

53. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM FOR RELIEF
### CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS

54. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

55. Defendants conspired and acted in concert to do whatever was necessary, lawful or not, to cause the arrest, prosecution, pretrial detention, conviction and imprisonment of plaintiff.

56. Throughout the period of the conspiracy, the defendants pursued their objectives with actual malice toward plaintiffs, with utter and deliberate indifference to and disregard for plaintiffs' rights under the Constitution and laws

of the United States, without probable or reasonable cause to believe plaintiff guilty of any crime.

57. Pursuant to the conspiracy, the conspirators, and their employees, agents and servants, intentionally, recklessly, negligently, and/or with complete indifference to the rights of plaintiffs manufactured false evidence.

58. The aforesaid conduct of defendants operated to deprive plaintiffs of important and well-established rights under the Constitution and the laws of the United States including, but not limited to, her rights:

    a)    Not to be deprived of his liberty or to be arrested, detained or imprisoned except upon probable cause to believe him guilty of a crime, under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

    b)    Not to be deprived of his liberty or to be arrested, indicated, prosecuted or imprisoned based upon evidence fabricated by a government official

    c)    The foregoing violations of plaintiff's constitutional rights by defendants directly and proximately caused plaintiff's arrest, detention, imprisonment and deprivation of liberty

### NINTH CLAIM
*Monell*

59. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

60. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiffs.

61. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

62. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

63. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

64. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

65. These policies, practices, and customs were the moving force behind plaintiffs' injuries

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   Brooklyn, New York
         September 30, 2020


_____/S/_____
Amy Rameau, Esq.
The Rameau Law Firm
16 Court Street, 2504
New York, New York 11241
(718) 852-4759
rameaulawny@gmail.com

*Attorney for plaintiffs*